IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,500-01






EX PARTE GEORGE ROBERT BOWLING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12,141 IN THE 21ST JUDICIAL DISTRICT COURT

WASHINGTON COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of aggravated sexual assault, and punishment was assessed at thirty-five (35) years' confinement. No direct appeal was taken.

 Applicant contends that his plea of guilty was involuntary because he received
ineffective assistance of counsel, who advised him that he would receive two life sentences
if he did not accept the State's plea offer.

 The trial court has entered an order concluding that there is ample evidence in the
record to rule on the relief sought. However, we disagree. Applicant has stated facts
requiring resolution. Because this Court cannot hear evidence, it is necessary for the matter
to be remanded to the trial court for resolution. The trial court shall resolve the factual issues
as set out in Tex. Code Crim. Proc. art 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may hold a hearing. In the appropriate
case, the trial court may rely on personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel advised Applicant that he would receive two life sentences if he did
not accept the State's plea offer, and whether such advice rendered Applicant's plea
involuntary. The trial court shall also make any further findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based, including copies of the judicial confession and waiver, judicial
admonishments, plea agreement, excerpts of the trial transcript, affidavits from counsel, and
any other relevant documents.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within ninety (90) days of the date of this order. (1) 
A supplemental transcript containing all affidavits, the transcription of the court reporter's
notes from any interrogatories or hearings held, along with the trial court's findings of fact
and conclusions of law, shall be returned to this Court within one hundred twenty (120) days
of the date of this order. (2)


 IT IS SO ORDERED THIS THE 1ST day of MARCH, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.